UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DEVAN LEACH                                                                                          PLAINTIFF

v.                                                          CAUSE NO. 3:23-cv-337-CWR-FKB

KANSAS CITY SOUTHERN RAILWAY CO.                                               DEFENDANT

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

COMES NOW, Devan Leach, by and through counsel, and files this his Complaint against Kansas City Southern Railway Company, and would show the following to-wit:

**PARTIES**

1.  Devan Leach (hereinafter "Leach") resides in Pearl, Mississippi, which is in The Southern District of Mississippi,

2.  Kansas City Southern Railroad Co., (hereinafter "KCS") is a corporation headquartered in Kansas City, Missouri and operates across the southern United States, including Mississippi.

**JURISDICTION AND VENUE**

3.  This Court has jurisdiction under 28 U.S.C. § 1331.

4.  Venue is proper under 28 U.S.C. § 1391 because Leach resides in this district, KCS operates in this district, and the illegal conduct occurred in this district.

**FACTUAL ALLEGATIONS**

5.  Leach worked as a conductor for KCS for eight years.

6.  Leach suffers from anxiety and in October 2021, Leach applied for and received

intermittent FMLA for his anxiety.

7. In September 2022, Leach developed a staph infection in his dominant hand that prevented him from performing any work and threatened his ability to provide for his family. Accordingly, Leach applied for and received continuous FMLA leave.

8. While Leach was recovering from the staph infection, Leach's father entered the hospital with small cell lung cancer and died on November 1, 2022.

9. Leach's father's death exacerbated his anxiety and Leach's doctor recommended he take continuous leave for his anxiety. Leach applied for and received continuous FMLA leave.

10. While Leach was grieving his father's passing, KCS charged Leach with dishonesty and FMLA abuse, allegedly because Leach and his wife own and operate a tire service business which employs several employees and advertises on Facebook.

11. KCS wrongfully claimed that Leach violated its policy by working while on FMLA leave. Any such policy would be illegal in and of itself.

12. Further, KCS had no reasonable basis for alleging that Leach worked while on FMLA leave. Instead, KCS claimed a "credible witness" made it aware of the situation but refused to identify this "credible witness" or the basis of their knowledge.

13. To bolster its baseless claim, KCS pulled screenshots of undated business reviews and undated photos from Facebook even though, Leach attested that the photos were taken on days he was not using FMLA or was in fact working at KCS.

14. Leach further attested that all work performed at the tire shop while he was on leave would have been performed by his associates and coordinated by his wife.

15. Leach also produced a notarized statement from his wife that she was fully responsible for the business while Leach was on FMLA leave and further affirmed that she took

the photos when Leach was not on leave and that she posted the photos to Facebook.

16. Even after Leach definitively established that he did not work during his FMLA leave, KCS still terminated him for FMLA abuse.

17. At the time it terminated him, KCS could not and did not have a good faith belief on basis that Leach violated any policy, illegally or not.

## CAUSE OF ACTION

### Violation of 28 U.S.C. § 2601, *et seq.*

18. Kansas City Southern Railway ("KCS") maximizes its profits by operating twenty-four hours a day, 365 days a year. Rather than hiring enough trainmen to adequately staff an operation of this scale, KCS instead requires its trainmen to always be on call. To ensure they can care for themselves or their loved ones when ill, many trainmen rely on the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, which allows employees to take up to twelve weeks of unpaid leave per year to care for themselves or their family members. The use of FMLA, however, necessitates KCS employing more trainmen than would otherwise be the case, thereby decreasing its profit.

19. To discourage its trainmen from exercising their FMLA rights, KCS engages in a pattern and practice of discriminating against its employees who use FMLA leave. *See, e.g., Roberson et al. v. Kansas City Railway Co.,* No. 4:22-cv-00358 (W.D.Mo. filed May 31, 2022) (challenging KCS's discriminatory FMLA policies). KCS's pattern of FMLA discrimination includes retaliating against employees who use FMLA leave, such as Devan Leach.

20. When he was suffering from severe anxiety, a staph infection, and the loss of his father, Leach took FMLA leave. Rather than allow Leach to use FMLA to recover and return to work, KCS sought a reason to terminate him. KCS found Leach operated a side business, accused him of abusing FMLA leave, and terminated him for dishonesty. KCS terminated Leach without any evidence that Leach actually worked while on FMLA leave and despite Leach producing

evidence to the contrary. KCS's belief that Leach abused FMLA leave was therefore blatantly unreasonable and his termination was clearly retaliatory.

21. Section 2612(a)(1) of the FMLA entitles employees to take up to twelve weeks of leave during any twelve-month period for certain reasons, including an employee's health condition.

22. Section 2615(a)(2) of the FMLA makes it unlawful for "any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by [the Act]."

23. KCS interfered with, restrained, denied the exercise of the protected rights of, and discriminated against Leach's rights under the FMLA when, among other things, it terminated him for allegedly "moonlighting" while taking FMLA leave.

24. Because KCS violated the FMLA, Leach is entitled to compensatory damages for loss of income, including back pay, lost benefits, consequential damages, and front pay, as well as liquidated damages, declaratory and injunctive relief, reinstatement, and other damages. Leach is also entitled to attorney's fees, costs, and interest incurred in connection with these claims.

25. KCS committed the above-alleged acts with reckless or deliberate disregard for Leach's rights. As a result, he is entitled to an additional amount of liquidated damages.

### REQUEST FOR RELIEF

26. Leach requests that the Court find KCS acted in direct violation of the FMLA.

27. Leach further requests that the Court order KCS to:

- reinstate him to the same position he held when he was terminated;

- clear and/or expunge any record of misconduct by him regarding the termination at issue in this case;

- pay to him an award for compensatory damages arising from loss of

       income and benefits in an amount to be determined by the trier of fact;

- pay to him an award of interest on the amount of compensatory damages determined by the trier of fact and calculated at the prevailing rate;

- pay to him an award of liquidated damages equal to the sum of the compensatory damages and interest to be determined by the trier of fact;

- pay to him an award for costs (including litigation and expert costs), disbursements, and attorneys' fees; and

28. Leach further requests that the Court order judgment against KCS for all other relief available under the FMLA and such other relief as the Court deems just and equitable.

RESPECTFULLY SUBMITTED, this the 25th day of May, 2023.

                                    DEVAN LEACH, PLAINTIFF

BY:   /s/ *William T. May*
       William T. May (MSB No. 1962)
       BARRY, THAGGARD & MAY, LLP
       505 Constitution Avenue
       Meridian, Mississippi 39301
       Phone: (601) 693-2393
       Email: may@btmlegal.com

       Nicholas D. Thompson, WI 1078903
       *Pro Hac Vice Forthcoming*
       Casey Jones Law
       3520 Cherryvale Avenue, Suite 83
       Appleton, WI 54913
       Phone: (757) 477-0991
       Email: nthompson@caseyjones.law