UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DEVAN LEACH                                                                 PLAINTIFF

V.                                                   CIVIL ACTION NO. 3:23-CV-337-CWR-ASH

THE KANSAS CITY SOUTHERN RAILWAY COMPANY                  DEFENDANT

ORDER

Defendant The Kansas City Southern Railway Company ("KCSR") asks the Court to

compel a complete download of the Facebook account for Plaintiff Devan Leach's business, D's

Mobile Tire Service, for the period between June 16 and December 28, 2022. Mot. [23]. As

explained below, KCSR's motion to compel is granted in part and denied in part.

I.        Facts and Procedural History

KCSR employed Leach as a conductor from September 2, 2014, to December 28, 2022.

According to the Complaint, in September 2022, "Leach developed a staph infection in his

dominant hand that prevented him from performing any work," so "he applied for and received

continuous" leave under the Family and Medical Leave Act. Compl. [1] ¶ 7. While Leach was

out on that approved leave, he applied for additional leave for anxiety. That requested leave was

to run from October 11, 2022, through January 11, 2023. KCSR approved that request.

While Leach was out on leave, KCSR says it learned from "an anonymous . . .

employee . . . that Leach had been engaged in outside employment during his FMLA leave."

Def. Mem. [24] at 2. It therefore "reviewed a number of social media posts, including Facebook

posts, . . . from Leach's [side] business, D's Mobile Tire Service." *Id.* KCSR's investigation led

it to accuse Leach of "violat[ing company] policy by working while on FMLA leave." Compl.

[1] ¶ 11. Following an investigation, KCSR "terminated [Leach] for FMLA abuse" on December 28, 2022. *Id.* ¶ 16.

On May 25, 2023, Leach sued KCSR alleging it retaliated against him for exercising his FMLA rights. In discovery, KCSR asked Leach to produce a complete download of the Facebook account for D's Mobile. KCSR did not tailor its requests for Leach's Facebook data to information that is relevant to this lawsuit. Instead, it served requests that simply sought *all* such data. Leach claims he ultimately "produced the download (including metadata and/or raw data) of posts, messages, photos, and videos from the D's Mobile Facebook page for October 2, 2022 to November 13, 2022." Pl. Mem. [27] at 5. But he objects to producing a complete account download of data outside of these categories. KCSR narrowed the timeframe of its requests and now asks the Court to compel Leach to produce a complete download of the D's Mobile Facebook account from June 16 through December 28, 2022.

II.     Analysis

Federal Rule of Civil Procedure 26 allows for broad discovery of

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). When a discovery dispute arises, the burden is "on the party resisting discovery to—in order to . . . successfully resist a motion to compel—specifically object and show that the requested discovery does not fall within Rule 26(b)(1)'s scope of proper discovery . . . or that a discovery request would impose an undue burden or expense or is otherwise objectionable." *Carr v. State farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 469 (N.D. Tex. Dec. 7,

2015) (citing *McLeod, Alexander, Powell & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).

Leach raises two primary objections to producing the download of the D's Mobile Facebook account for the periods between June 16 and October 1 and November 14 and December 28, 2022. First, he says that production will yield only personal and irrelevant information. Second, he argues that the timeframe identified by KCSR is beyond the scope of the case.

Leach says the complete download of the D's Mobile Facebook account "would include troves of plainly irrelevant and personal information, such as likes, followers, hobbies, and other private information," as well as "potentially personal and irrelevant" "messages or comments exchanged by or with the account." Pl. Mem. [27] at 7. Precisely *what* irrelevant and personal information is at risk is unclear based on Leach's argument. KCSR does not seek access to Leach's *personal* Facebook account, but rather discovery from the account for his *business*. The fact that KCSR seeks information for D's Mobile—a business—does not mean there is no privacy interest, but the requested discovery is less invasive than if it were targeted at an individual's account containing personal activities.

Leach has not convinced the Court that D's Mobile's account would contain "scores of quasi-personal information that would be irrelevant and non-discoverable." *Ogden v. All-State Career Sch.*, 299 F.R.D. 446, 450 (W.D. Pa. 2014). But the Court agrees that KCSR's blanket request for a download of *all* data is overly broad and should be tailored to information with some nexus to the scope of discovery. *See Cherry v. Walkin Billboard, LLC*, No. 1:17-CV-3714-LMM-JKL, 2018 WL 11483095, at *3 (N.D. Ga. Sept. 28, 2018) (discussing 53 categories of information provided by a Facebook data download as of 2018); *see also* Facebook.com, Learn

What Categories of Information Are Available in Your Facebook Settings, *available at* https://www.facebook.com/help/930396167085762 (last visited April 2, 2024) (listing eight broad categories of information, many of which appear clearly irrelevant, such as "security and login information," "personal information," "apps and websites off of Facebook," "preferences," and "ad information"). By way of analogy, KCSR's request for all data from the Facebook account is like asking for all messages from an email account; in either example something more is necessary to tie the request to the case beyond simply identifying the *source* of the data. Although KCSR never itemizes precisely what Facebook data it wants within the broader category of all of it, KCSR refers to photos and videos (including the metadata and native files), posts, reviews, and messages as the information it believes will be relevant to the merits of its claim and the issue of Leach's credibility.[1] The Court agrees this information is discoverable and proportional to the particular needs of this case.

As for the timeframe of production requested by KCSR, Leach argues that because "KCSR terminated [him] for alleged FMLA misuse for a specific 6-week period," June 16 to December 28, 2022 "is not [the] relevant" time period. Pl. Mem. [27] at 9–10. KCSR first says D's Mobile's Facebook activity for the period from September 16, 2022, through the date of Leach's termination could "enlighten the severity" of the health conditions that led to his FMLA leave. Def. Mem. [24] at 7 (quoting *Norman v. Beasley Mezzanine Holdings*, No. 5:10-CV-211, 2011 WL 13371325, at *2 (E.D.N.C. June 21, 2011)). It also argues that the broader timeframe "will provide information related to Plaintiff's various assertions about the accuracy and

---

[1] By way of example, pages nine through eleven of KCSR's rebuttal refer almost exclusively to D's Mobile's posts, native photos, and direct messages with customers. *See* Def. Rebuttal [28] at 9–11.

supposed inaccuracy of the Facebook records showing when photos were taken and posted."

Def. Rebuttal [28] at 9.

Finally, it says

> The additional posts are . . . discoverable because they will provide
> information about the nature, frequency, and type of Facebook
> posts before and after the period that Plaintiff concedes is
> discoverable—which will shed light on the extent that Plaintiff was
> working and posting to his business's Facebook page when he was
> *not* on FMLA leave, which can then be compared to the posts
> made when Plaintiff was on FMLA leave.

*Id.* at 10. While Leach may ultimately be correct that evidence obtained from the broader

timeframe is inadmissible, he has not shown that information from this timeframe falls outside of

Rule 26(b)'s scope of what is discoverable. Additionally, because the Court is granting KCSR

only a subset of "all data" requested, the additional timeframe is proportional to the needs of the

case in light of the contextual and other reasons (*e.g.*, credibility, severity of the health condition,

etc.) articulated by KCSR for seeking the discovery.

Finally, KCSR asks the Court to award it its reasonable expenses in bringing its motion.

The Court finds that an award of expenses here would be unjust. *See* Fed. R. Civ. P. 37(a)(5)(A).

III.    Conclusion

For the reasons stated, KCSR's motion to compel [23] is granted in part and denied in

part. Leach is ordered to produce a download of D's Mobile's Facebook account data from June

16 through December 28, 2022,[2] containing the following information: photos and videos

(including metadata and native files), posts, reviews, and messages. Leach is ordered to produce

this information within fourteen days of this Order. KCSR's request for expenses is denied.

---

[2] If, as Leach has represented to KCSR and the Court, D's Mobile's Facebook account did not
exist before September 11, 2022, then Leach may comply with the Court's order by producing
the information identified in this Order from inception of the account through December 28,
2022.

**SO ORDERED AND ADJUDGED** this the 3rd day of April, 2024.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE